IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JANE F. GIRARD, | ) | Appeal from the United States District |
|     Plaintiff - Appellee, | ) | Court for the Northern District of Illinois, |
| | ) | Eastern Division. |
| and | ) | |
| | ) | |
| KENTON GIRARD, | ) | |
|     Defendant/Crossclaim | ) | No. 1:25-cv-04586 |
|     Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | The Honorable |
| | ) | JEREMY C. DANIEL |
| MARISSA GIRARD, | ) | Judge Presiding. |
|     Defendant - Appellant. | ) | |

**CIRCUIT RULE 3(c) DOCKETING STATEMENT**

Defendant-Appellant, Marissa Girard, in pro se, hereby submits this docketing statement pursuant to Circuit Rule 3(c).

1. **Defendant-Appellant**

Defendant-Appellant Marissa Girard, of 965 Forestway Drive, Glencoe IL 60022, appears hereunder on her own behalf, in pro se.

2. **District Court Jurisdiction**

Plaintiff Jane F. Girard commenced a state proceeding[1] under Cook County Case No. 2015-D-009633 in May 2022 by serving Defendant-Appellee Kenton Girard with a motion to appoint a parenting coordinator, but no pleading. Defendant-Appellant Marissa Girard was

---

[1] Judging by the voluminous motions filed by Jane F. Girard seeking contempt or jail for Marissa Girard and Kenton Girard for alleged violations of a parenting agreement, that proceeding appears to concern custody as to the Girard minor children, both aged 17. However, no pleadings have been filed and furthermore under the application of Illinois Supreme Court Rule 922, a custody proceeding would be self-terminated after 18 months without a written order of good cause to extend the proceedings – which to this day 37 months later has not yet been sought by Jane F. Girard or her counsel.

joined as an original defendant in that state proceeding about a year later, wherein Plaintiff Jane F. Girard served Marissa Girard with a "Motion to Add Third Party", but again no pleading. For the first time, Defendant-Appellant Marissa Girard was served with an actual pleading in that state proceeding wherein Defendant-Appellee Kenton Girard served her with a declaratory judgment cross claim on April 28 2025. Dkt[1] at pp. 40-46.

That cross claim raised federal and constitutional questions, owing to a Postnuptial Indemnification Agreement (sealed by the District Court under Dkt[24]) which provides for indemnification by Kenton as to Marissa's reasonable and necessary legal fees *if her rights under the Constitution or federal law are violated* owing to a course of action by Jane F. Girard. Dkt[1] at p. 2. Duly referenced in the exhibits to the Notice of Removal, Defendant-Appellant Marissa Girard is litigating claims in the North District of Illinois under *Girard v. Fernandez et al.*, Civil Action No. 1:25-cv-00136, as to the violations of her rights under the First and Sixth Amendments, and under Title II of the Americans with Disabilities Act, which violations have accrued under her abuse under the state proceeding initiated by Jane F. Girard.

Promptly after being served with the declaratory judgment cross claims, Defendant-Appellant Marissa Girard removed the state court proceedings pursuant to 28 U.S.C. § 1331, 1441 and 1446. Dkt[1]. Because rights secured under the First and Sixth Amendments constitute civil rights, the removal was also brought pursuant to 28 U.S.C. § 1443.

3. **Appellate Court Jurisdiction**

On May 6, 2025, the district court remanded this case back to the State court because it did not see "federal questions". Dkt[16]. On May 15 2025, the district court acknowledged the presence of federal questions (in specific, civil rights violations), but refused to vacate the remand because of the posture of Marissa Girard as a Defendant and Crossclaim Defendant, citing the recent Supreme Court Decision under *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ___ (2019).

4.  **Prior Appeals**

There have NOT been any previous appeals in this action.

5.  **Seventh Circuit Mandate**

The Seventh Circuit Court of Appeals has jurisdiction over this appeal under 28 U.S.C. § 1291, which gives it jurisdiction over appeals from all final decisions of the district court. Jurisdiction is also provided by 28 U.S.C. § 1446, which allows appellate review of a remand decision wherein civil rights claims are involved, as here.

6.  **Scope of Review**

Defendant-Appellant Marissa Girard seeks review as to (a) the order entered on May 6 2025 (Dkt[16]), granting Plaintiff's motion to remand (Dkt[6-7]), and (b) the order entered on May 15 2025 (Dkt[23]), denying her Motion to Vacate Remand under Rule 59(e) (Dkt[20]).

7.  **Regarding Notice of Appeal**

Defendant-Appellant Marissa Girard filed her notice of appeal on May 16 2025. Dkt[26].

**Dated: May 23, 2025**                                   Respectfully submitted,

/s/ Marissa Girard
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
(773) 425-4393

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 23, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by mailing it to: Everett McKinley Dirksen United States Courthouse, Room 2722, 219 S. Dearborn Street, Chicago, IL 60604.

Additionally, I have served the foregoing on all counsel of record via email and on Kenton Girard, who is pro se hereunder, also via email.

**Dated: May 23, 2025**

/s/ Marissa Girard
Marissa Girard, Defendant-Appellant
965 Forestway Drive
Glencoe, IL 60022
marissadakis@gmail.com
(773) 425-4393