No. 25-1854

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JANE GIRARD, | )<br>) |
|     Petitioner/Appellee, | )  On Appeal from the United States<br>)  District Court for the Northern |
| v. | )  District of Illinois, Eastern<br>)  Division. |
| KENTON GIRARD, | )<br>)  Case Number: 25-cv-4586 |
|     Respondent/Appellee, | )<br>)  The Hon. Jeremy C. Daniel, Judge |
| and | )  Presiding. |
| MARISSA GIRARD, | )<br>) |
|     Third-Party Respondent/<br>    Appellant. | )<br>) |

**APPELLEE JANE GIRARD'S RESPONSE TO**
**APPELLANT'S JURISDICTIONAL MEMORANDUM**

Appellee, Jane Girard, through her undersigned attorney, and pursuant to this Court's June 4, 2025 Order [8] submits the following response to the Jurisdictional Memorandum filed by the Appellant, Marissa Girard [7].

## INTRODUCTION

This Court lacks jurisdiction over the instant appeal because (i) district court orders remanding matters to state court generally are not subject to appellate review (*See* 28 U.S.C. §1447(d); *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019)); and (ii) the narrow exception to that rule for cases raising issues of racial equality is plainly inapplicable here. *See* 28 U.S.C. §1443; *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). Appellant's newly minted theory that she is a now a victim

of racial discrimination—a theory never raised in the district court prior to remand (or ever in state court)—lacks any legal of factual basis, make a mockery of those section 1443 is designed to protect, and demonstrates little more than the lengths she and her husband will go to delay the ongoing state court proceedings. Nothing in her Memorandum alters the fact that the district court's remand order is "immunized from all forms of appellate review, whether or not that order might deemed erroneous by [this] court." *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640, 126 S. Ct. 2145, 2153, 165 L. Ed. 2d 92 (2006) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 124, 116 S. Ct. 494, 495, 133 L. Ed. 2d 461 (1995)). Dismissal of this appeal is required.

## **BACKGROUND**

This appeal arises from post-judgment dissolution of marriage proceedings pending in the Circuit Court of Cook County, Illinois between Jane Girard and her former husband, Kenton Girard, concerning their two minor children. The trial court added Appellant, Kenton's current wife, as a third party respondent in those proceedings in 2023. [ECF No. 1, pg. 47].

On February 14, 2025, the state court set several pleadings relating to Kenton and Jane's minor children for trial on May 1 and 2, 2025. [ECF No. 1, pg. 100]. Just days before the commencement of that trial, Kenton Girard filed—without leave of court—a cross-claim against his wife for a declaratory judgment regarding an alleged post-nuptial agreement between them and preemptively consenting to the resolution of his petition in federal court. [ECF No. 1, pg. 40]. Kenton's crossclaim does not

mention Appellant's race.

That same day, Appellant removed the entire domestic relations matter to federal court "[p]ursuant to 28 U.S.C. §§1331, 1441, and 1446." [ECF No. 1, pg. 1]. Appellant's five-page Notice of Removal does not mention her race, or section 1443, and or any civil rights violation.

On Jane's motion, the district court, on May 6, 2025, ordered this matter remanded to state court. [ECF No. 16]. Appellant moved to vacate the district court's remand order pursuant to Rule 59(e). That motion, as well, did not refer to Appellant's race or section 1443. [ECF No. 20]. The district court denied Appellant's motion on May 15, 2025. [ECF No. 23].

Appellant filed her Notice of Appeal on May 16, 2025. [ECF No. 26]. *After* appealing, Appellant filed a "Motion for Compliance with Circuit Rule 50," asserting, for the first time and without elaboration, that the district court's order was appealable "[u]nder 28 U.S.C. § 1447(d), because removal actioned civil rights claims under the ambit of 28 U.S.C. § 1443." [ECF No. 29]. The district court denied that motion. [ECF No. 30].

On May 19, 2025, this Court suspended briefing and ordered Appellant to provide this court with a brief memorandum stating why her appeal should not be dismissed for lack of jurisdiction. [2]. Appellant filed her memorandum on June 3, 2025 [7], arguing that jurisdiction is proper pursuant to 28 U.S.C. § 1443(1). This Court thereupon ordered Jane to respond.

## DISCUSSION

For the first time in over three years of litigation, Appellant, in her Memorandum, asserts that she "is a proud member of the Hispanic/Latinx community," and attempts to use this newly disclosed self-identity as a basis to exempt this matter from section 1447(d)'s prohibition on appeals from remand orders, asserting that "the operative statutory authority mandating appellate review is 28 U.S.C. § 1443(1). *Memorandum*, pg. 7.

Appellant's argument is difficult to decipher. She spends multiple pages discussing an unrelated federal lawsuit pending in the district court in which she seeks redress against various judges and attorneys for purported violations of the Americans with Disabilities Act, but which makes no mention of her alleged race, and then moves into a lengthy discussion of the history of section 1983 as it relates to the First Amended Complaint (the "FAC") she filed in that other lawsuit. *Memorandum*, pg. 8-10.[1] It is far from clear how or why Appellant believes the claims asserted in that lawsuit vest this Court with jurisdiction to consider an appeal from the district court's remand order in a separate lawsuit. They do not.

The limited question before this Court is whether, under 28 U.S.C. §1443(1), it may consider the district court's remand of a matter removed to federal court based upon a declaratory judgment action filed against the Appellant by her husband regarding the validity of a supposed post-nuptial agreement between the two of them. The short answer is it: it cannot. This appeal should be dismissed for lack of

---

[1] See *Girard v. Fernandez, et al.*, 25-cv-136.

jurisdiction.

### A. Appellant is Bound by the Jurisdictional Bases Asserted in Her Notice of Removal.

As a threshold matter, this Court should dismiss because Appellant failed to timely raise her argument that she removed this matter pursuant to section 1443(1), thereby exempting this case from section 1447(d)'s prohibition on appeals from remand orders. As noted above, Appellant sought removal of these state court proceedings exclusively pursuant to sections 1331, 1441, and 1446. [Dkt. No. 1]. She did not raise the specter of section 1443 in her Notice of Removal. She did not raise it in her Rule 59(e) Motion to Vacate. She did not raise it at oral argument. Instead, she waited until *after* lodging this appeal to summarily reference section 1443 in her motion for compliance with Rule 50. This is far too little, far too late.

It is well settled that courts will not consider legal theories presented for the first time in a Rule 59 motion. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). The same holds true for legal theories presented for the first time *after* the denial of a Rule 59 motion. Arguments raised for the first time on appeal are deemed waived. *Mahran v. Advocate Christ Medical Center*, 12 F.4th 708, 713 (7th Cir. 2021).

Further, while courts generally permit a party to amend a Notice of Removal to cure technical defects, Appellant never sought to do so below. Even if she had sought such relief, the majority of courts have agreed that "[c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however." *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 936 (S.D.Ill.2006) (quoting *Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 n. 2 (S.D.Ill.2006)). See

also 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3733 ("in most circumstances, however, defendants may not add completely new grounds for removal) (collecting cases). Appellant's failure to timely or properly assert section 1443(1) as a basis for jurisdiction warrants the dismissal of this matter.

**B. Section 1443 Does Not Vest This Court with Jurisdiction.**

Section 1447(d) of Title 28 precludes appellate review of a district court's remand orders, except for cases removed pursuant to sections 1442 and 1443. 28 U.S.C. § 1447. Section 1443(1) of Title 28 provides limited exceptions to this prohibition in cases:

> Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> 28 U.S.C. § 1443.[2]

This section applies only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that [a defendant's civil] rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Georgia v. Rachel.* 384 U.S., 780, 828, 86 S.Ct., 1783, 1812, 16 L.Ed.2d 925 (1966).

To satisfy the onerous requirements of section 1443(1), a removing party must show both that: (i) the right allegedly denied arises under a federal law "providing for specific civil rights stated in terms of racial equality;" and (ii) state law prohibits the removing party from enforcing his or her federal rights in state court. *Rachel*, 384

---

[2] Section 1443(2) applies only to cases removed by federal and state officers and is inapplicable here. See *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 821 & 824 n.22 (1966)

U.S. at 788, 803.

Appellant has not attempted to satisfy—much less succeeded in satisfying—either prong here.

### i. Nothing in this Case Raises Questions of Racial Equality.

Waiver aside, Appellant cannot rely upon section 1443(1) to establish jurisdiction because nothing in the record suggests *any* racial inequality at play in the state court. There is no mention of the parties' races, colors, ethnicities, or national origins in any document filed with the district court. While Appellant has suddenly announced she is a member of the "Hispanic/Latinx community," she cannot identify a single filing anywhere in these proceedings suggesting her race formed the basis for her removal to federal court. Instead, the record reflects that she manufactured a "dispute" with her husband over the interpretation of a postnuptial agreement as to whether her federal rights were violated as an artifice to remove otherwise unremovable domestic relations proceedings from state court on the eve of trial. To allow such machinations to form a basis for federal jurisdiction, much less an exception to section 1447(d)'s prohibition on appeals from remand orders, would render that section meaningless. A litigant cannot belatedly claim she is the victim of racial discrimination to manufacture appellate jurisdiction over an order remanding state law claims to state court. See *Chambers v. Habitat Co.*, 68 Fed. Appx. 711, 714 (7th Cir. 2003) (holding that a party "cannot manufacture federal jurisdiction by labeling her claim a civil rights action"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("a *defendant* cannot, merely by injecting a federal question

into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law").

The fact that the purported contract at issue in the "dispute" between Appellant and her husband supposedly involves a question of whether Appellant's federal rights were violated does not, under any stretch of the imagination, turn this into a civil rights action. Even allegations of constitutional violations, without a racial component, are insufficient to implicate section 1443's protections.

As the Supreme Court held in *Johnson*, a removing party's claims that state court proceedings:

> will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of s 1443(1).
> *Johnson v. Mississippi*, 421 U.S. 213, 219–20, 95 S. Ct. 1591, 1595–96, 44 L. Ed. 2d 121 (1975).

This is precisely the case here. Even if, as Appellant suggests, the state court domestic relations proceedings involve "myriad violations of her constitutional due process rights," "[s]ection 1443 simply does not apply to laws such as the due process clause and 42 U.S.C. § 1983 that work to guarantee rights available to all persons or citizens." *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 270 (7th Cir. 1990).

Having failed to establish that the state court proceedings threatened Appellant's rights under any federal equal rights law prohibiting racial

discrimination, Appellants' efforts to shoehorn this matter within section 1447(d)'s exception for section 1443 removals must fail.

ii. <u>Illinois Law Does Not Prohibit Appellant from Enforcing Her Federal Rights in State Court</u>

Even if this Court finds that the domestic relations proceedings Appellant removed to federal court involved questions of racial equality, her jurisdictional argument still fails because she has failed to satisfy the second prong of section 1443(1), which requires her to show that she "is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966); *see Johnson*, 421 U.S. at 219 (petitioner must be unable to or be denied the opportunity to enforce the specified federal right in state court). To satisfy this requirement, a defendant must either: (i) identify some state law or constitutional provision that is discriminatory on its face (*Fenton v. Dudley*, 761 F.3d 770, 774 (7th Cir. 2014)); or (ii) demonstrate that "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Rachel*, 384 U.S. at 804.

Appellant has made no such showing here. It beggars belief to conclude that a state court sitting in domestic relations would be unwilling or unable to opine on the interpretation of a post-nuptial agreement. Such disputes are part and parcel with the state court practice of matrimonial law. See *In re Marriage of Richardson*, 606 N.E.2d (Ill. App. Ct. 1992) (reviewing declaratory judgment regarding enforceability of a post-nuptial agreement); *In re Marriage of Prill*, 204 N.E.3d 850 (Ill. App. Ct 2021) (same). She cannot satisfy the second prong of section 1443(1).

## CONCLUSION

For the above reasons, Appellant's invocation of section 1443(1) as a basis to establish jurisdiction fails, both procedurally and substantively. This Court plainly lacks jurisdiction over this matter. This appeal should be dismissed, and Jane should be granted leave to seek an award of fees against Appellant pursuant to 28 U.S.C. §1447(c) and Federal Rule of Appellate Procedure 38.

Respectfully Submitted,

**JANE GIRARD**

By: /s/ *Matthew D. Elster*
One of Her Attorneys

Matthew D. Elster
**BEERMANN LLP**
161 North Clark Street #3000
Chicago, IL 60601
312.621.9700 | mdelster@beermannlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2025, a copy of the foregoing ***Response to Jurisdictional Memorandum*** was filed via the court's CM/ECF system, which will send electronic notice to all parties of record who have appeared in this case.

<u>/s/ *Matthew D. Elster*</u>