# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

July 21, 2025

Before
DIANE S. SYKES, *Chief Judge*
DAVID F. HAMILTON, *Circuit Judge*
CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| No. 25-1854 | JANE F. GIRARD,<br>  Plaintiff - Appellee<br><br>and<br><br>KENTON GIRARD,<br>  Defendant - Appellee<br><br>v.<br><br>MARISSA GIRARD,<br>  Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:25-cv-04586<br>Northern District of Illinois, Eastern Division<br>District Judge Jeremy C. Daniel | |

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

This court has consistently reminded litigants that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is not reviewable on appeal, regardless of whether the decision is correct, except when the case was removed under 28 U.S.C. §§ 1442 or 1443. *See* 28 U.S.C. § 1447(d); *e.g.*, *The Northern League, Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354–55 (7th Cir. 2000).

In the present case, appellant seeks to appeal the district court's order remanding this case to state court for lack of federal jurisdiction. 28 U.S.C. § 1447(c). Although appellant disputes this determination, this case was not removed under § 1442 or § 1443, so there is no basis to seek appellate review. Appellant's belated attempts to argue for removal under § 1443 are frivolous. Although appellant suggests the litigation against her implicates rights of racial equality, this theory cannot satisfy the second part of § 1443, which requires that she has been "denied or cannot enforce" that racial-equality right in state court because of a barrier imposed by some formal expression of state law, such as a statute. *Fenton v. Dudley*, 761 F.3d 770, 774–75 (7th Cir. 2014). Appellant has identified no such law; the mere assertion that general principles have been applied in a discriminatory manner does not satisfy § 1443. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

form name: **c7_Order_3J**    (form ID: **177**)