**No. 25-1854**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| JANE GIRARD, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | On Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | ) | |
| KENTON GIRARD, | ) | |
| | ) | Case Number: 25-cv-4586 |
| Respondents/Appellee, and | ) | The Hon. Jeremy C. Daniel, Judge Presiding. |
| MARISSA GIRARD, | ) | |
| | ) | |
| Third-Party Respondent/ Appellant. | ) | |

.

**APPELLEE'S MOTION FOR ATTORNEYS' FEES AND COSTS OR, ALTERNATIVELY, FOR SANCTIONS PURSUANT TO FRAP 38**

Appellee, Jane Girard, through her undersigned attorneys, and pursuant to 28 U.S.C. §1447(c) and Federal Rule of Appellate Procedure 38, moves for an award of costs and attorneys' fees against the Appellant, Marissa Girard, or, in the alternative, an award of sanctions related to her successful defense of the instant appeal . In support thereof, Jane respectfully states as follows:

**BACKGROUND**

1. Appellant, Marissa Girard, removed state court domestic relations proceedings to federal court "[p]ursuant to 28 U.S.C. §§1331, 1441, and 1446," asserting the existence of federal question jurisdiction based upon a manufactured dispute between her and her current husband, Kenton Girard, over a postnuptial

agreement.

2. On Jane's motion, the district court, on May 6, 2025, ordered this matter remanded to state court and Marissa appealed asserting, for the first time, that these domestic relations proceedings were actually a civil rights case and that she removed the matter pursuant to 28 U.S.C. §1443. [ECF No. 16, 26, 29]

3. This Court suspended briefing and ordered the parties to brief the issue of jurisdiction. [2]

4. On July 21, 2025, it entered an order dismissing this appeal for want of jurisdiction, concluding that Marissa possessed "no basis to seek appellate review" of the district court's remand order and describing her "belated attempts to argue for removal under § 1443" as "frivolous." [10].

## ARGUMENT

### Count I: Fees Pursuant to 28 U.S.C. §1447(c)

5. Section 1447(c) is a fee shifting statute, designed to make whole a party who successfully obtains a remand of a matter wrongfully removed to federal court. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000). This goal "cannot be accomplished if the victor must pay for the appeal out of his own pocket." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994).

6. As this Court explained in *Garbie*:

> Section 1447(c) entitles plaintiffs to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal"—and plaintiffs' expenses on appeal, no less than their expenses in the district court, were "incurred as a result of the removal."
> *Garbie*, 211 F.3d at 411.

7. While Garbie dealt with an appeal from a post-remand fee order, over which this Court possessed jurisdiction, its rationale applies with equal force here, where Jane was forced to incur fees in the defense of a frivolous appeal which lacked any good-faith jurisdictional basis.

8. As set forth on the attached affidavit, Jane incurred **$2,808.75** in attorneys' fees and costs responding to Marissa's jurisdictional memorandum and successfully arguing for the dismissal of the instant appeal, for which she is entitled to an award of fees from Marissa.

**WHEREFORE**, Appellee, Jane Girard, respectfully requests an award of **$2,808.75** from Marissa Girard for her defense of this appeal pursuant to 28 U.S.C. §1447(c).

## Count II: (Alternative) Sanctions Pursuant to Federal Rule of Appellate Procedure 38.

9. Federal Rule of Appellate Procedure 38 provides, in full, as follows:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee. Fed. R. App. P. 38 (eff. Dec. 1, 1988)

10. This Court possesses the authority to impose sanctions, notwithstanding its lack of jurisdiction to consider the order appealed from, See *Szopa v. United States,* 460 F.3d 884, 887 (7th Cir.2006) (holding this Court's lack of appellate jurisdiction does not preclude it from imposing sanctions under Rule 38).

11. Jane respectfully submits that an appeal from an order remanding a case to state court—one which is explicitly non-reviewable—constitutes the precise type of appeal Rule 38 is designed to discourage.

12. As this Court noted in its July 21, 2025 order, it has been "consistently reminding litigants" of this fact since 2000, at the earliest.

13. In the event this Court finds an award pursuant to section 1447(c) inappropriate or impermissible, it should impose sanctions pursuant to Federal Rule of Appellate Procedure 38 against Marissa in the amount of **$2,808.75**.

**WHEREFORE**, Appellee, Jane Girard, respectfully requests an award of **$2,808.75** from Marissa Girard for her defense of this appeal pursuant Federal Rule of Appellate Procedure 38.

/s/ *Matthew D. Elster*
**BEERMANN LLP**
Matthew Elster
Attorneys for Appellee
161 North Clark Street
Chicago, IL 60601
Telephone: 312-621-9700
mdelster@beermannlaw.com

**No. 25-1854**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| JANE GIRARD,<br><br>Petitioner-Appellee,<br><br>v.<br><br>KENTON GIRARD,<br><br>Respondents/Appellee,<br>and<br><br>MARISSA GIRARD,<br><br>Third-Party Respondent/<br>Appellant.<br>. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | On Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>Case Number: 25-cv-4586<br><br>The Hon. Jeremy C. Daniel, Judge Presiding. |

**AFFIDAVIT OF COUNSEL**

MATTHEW D. ELSTER, being of legal age and operating under no disability, being duly sworn and under penalty of perjury, states under oath as follows:

1. I make this Affidavit upon personal facts and knowledge of mine.

2. I am an attorney licensed to practice law in the State of Illinois on a continuous basis since 2010, before the district court since 2012, and before this Court since 2021. I have been employed by Beermann LLP as an attorney since 2012. Beermann LLP is currently representing Jane Girard in the above referenced matter. My hourly rate in this matter was $525 per hour.

3. These rates represent the customary charges for representation in such actions and are fair and reasonable in light of my experience and standards established by custom and usage in the community of family law practitioners in the greater Chicagoland area.

4. I have been the attorney primarily responsible for Jane's representation in this matter.

5. In accordance with this Court's mandate that Jane submit her own jurisdictional memorandum in response to that filed by Marissa, I researched, drafted and filed with this Court a 10-page response to Marissa's memorandum outlining why this Court lacked jurisdiction over her appeal.

6. Appended hereto is a true accurate redacted copy of Jane's billing statement for the month of June 2025.

7. The unredacted entries reflect the time spent, the service performed, and the fees incurred by Beermann LLP in connection with the defense of Marissa's appeal.

8. I have redacted billing entries unrelated to this matter.

9. This monthly billing statement was created from contemporaneously made time entries in our ProLaw system, and are made and kept in the regular course of Beermann LLP's business activity business.

10. As set forth on that statement, Jane incurred a total of **$2,808.75** in attorneys' fees in connection with Marissa's appeal.

/s/ *Matthew D. Elster*
Matthew D. Elster

Matthew D. Elster
**BEERMANN LLP**
Attorneys for Petitioner
161 North Clark Street #3000
Chicago, IL 60601
Tel: (312) 621-9700
mdelster@beermannlaw.com

BEERMANN LLP
EST. 1958

161 NORTH CLARK STREET • SUITE 3000 • CHICAGO, ILLINOIS 60601
TELEPHONE (312) 621-9700 • FAX (312) 621-0909 • WWW.BEERMANNLAW.COM
TIN 36-2386551

July 2, 2025
Ref. No. 518108
KVP

Jane Girard
Email Invoices:
[redacted]

[redacted]

**Total Balance Due:** [redacted]

**Professional Services Rendered**

| | | | Hours | Amount |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 06/02/25 | MDE | Federal -- review Marissa's jurisdictional brief in 7th circuit. | 0.35 | 183.75 |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 06/04/25 | MDE | FEDERAL -- Begin research and drafting of response to jurisdictional memo. | 1.90 | 997.50 |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 06/05/25 | MDE | FEDERAL -- continued drafting of response to jurisdictional memo [3.1]. | 3.10 | 1,627.50 |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

BEERMANN LLP
EST. 1958

161 NORTH CLARK STREET • SUITE 3000 • CHICAGO, ILLINOIS 60601
TELEPHONE (312) 621-9700 • FAX (312) 621-0909 • WWW.BEERMANNLAW.COM
TIN 36-2386551

| | | | | |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| | | | [redacted] | [redacted] |

**Expenses**

| | | Amount |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] |

**Payments/Adjustments**

| | | |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| | [redacted] | [redacted] |

**Invoice Summary**

| | |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |
| [redacted] | [redacted] |

Balance remaining in Trust [redacted]

Make checks payable to Beermann LLP
Please enclose the top portion of this statement with all payments
Credit card payments can be made online at www.beermannlaw.com/client-portal/
A convenience fee of 2.5% will apply to payments made by credit card

| | | | |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2025, a copy of the foregoing ***Motion For Attorneys' Fees And Costs Or, Alternatively, For Sanctions Pursuant To FRAP 38*** was filed via the court's CM/ECF system, which will send electronic notice to all parties of record who have appeared in this case.

/s/ *Matthew D. Elster*